**United States District Court for the District of Maryland**

| | |
|---|---|
| VINCENT MANI,<br><br>        Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, *et al.*,<br><br>        Defendants. | Before: Lisa W. Wang, Judge<br><br>Civil Action No. 8:23-cv-2317 (LWW) |

## OPINION AND ORDER

Lisa W. Wang, Judge:

Before the court is Defendant Xavier Becerra, Secretary of United States Department of Health and Human Services ("Secretary Becerra") and Defendant Department of Health and Human Services ("HHS") (Collectively "Defendants") Motion for Leave to File Brief in Excess of 30 Pages ("Mot.") (ECF No. 46).

Upon the memoranda submitted by the parties, the court **GRANTS** Defendants' Motion.

## BACKGROUND

A recitation of the facts is not necessary for this order.

On February 17, 2023, Plaintiff Dr. Vincent Mani ("Plaintiff") appealed in the Federal Circuit a decision of the Merit Systems Protection Board ("MSPB") affirming his termination of employment from HHS. ECF No. 1, 23-2359. The Federal Circuit issued a Transfer Order to the District of Maryland on June 13, 2024. ECF No. 12, 23-2359. The Transfer Order was received in the District of Maryland on August 13, 2024. ECF No. 1, 23-2359.

Civil Action No. 23-2317                                                                                      Page 2

Plaintiff filed a separate action against Secretary Becerra in the District of Maryland on August 24, 2023. ECF No. 1. On December 6, 2023, Secretary Becerra filed his Motion to Dismiss. ECF No. 24. Plaintiff filed a response on December 13, 2023. ECF No. 26. Secretary Becerra filed his Reply on December 27, 2023. ECF No. 27. On August 30, 2024, the MSPB appeal and separate employment discrimination action were consolidated and Secretary Becerra's Motion to Dismiss was denied without prejudice pending consolidated briefing. ECF No. 40.

Defendants filed the present motion on October 4, 2024. Mot. at 4. Plaintiff filed his opposition the same day. Pl.'s Opp., ECF No. 47.

## LEGAL STANDARD

The local rules of the court impose a thirty-page limit on parties filing memoranda in support of or opposition to motions. LAR 105.3. Courts in the District of Maryland will allow parties to file briefs in excess of local limitations only where necessary. See Hamilton v. Prince George's Cnty., Maryland, No. CV DKC 17-2300, 2019 WL 4735429, at *14 (D. Md. Sept. 27, 2019) (granting the plaintiff's motion to file a brief in excess of thirty pages "because this addition will not prejudice the defendant" in responding to assertions involved in the case). Moreover, there is a concern that the litigation resulting from the denial of such motions would result in "costs to both the parties and to judicial economy." Clarke v. O'Malley, No. CV JKB-22-3241, 2024 WL 343297, at *12 (D. Md. Jan. 30, 2024) (quoting Brown v. Brown's Md. Motors, Inc., 607 F. Supp. 3d 620, 626 (D. Md. 2022)).

## DISCUSSION

Defendants move to file a brief in excess of thirty pages and cite as good cause Judge Boardman's instruction that they file one motion addressing Plaintiff's complaint as well as his MSPB appeal. Mot. ¶ 4 (citing ECF No. 40 and ECF No. 18). Plaintiff's response is that "the government has many lawyers," but he is "the only one reviewing these documents without a lawyer." Pl.'s Opp.

Plaintiff also contends that judges and the system "do not have time to read and respond to unnecessary information that the government wants to provide." Id. Plaintiff concludes by reminding the court that "Justice Delayed is Justice Denied." Id.

In September of 2023, Plaintiff wrote to Magistrate Judge Gina L. Simms expressing his desire "to take this mixed case to **ONE** court to consider the **whole** matter." ECF No. 10, 24-2359 (emphases in original). This case, 23-2317, was consolidated with Plaintiff's MSPB appeal, 24-2359, on August 30, 2024. ECF No. 40; see also ECF No. 18, 23-2359. Accordingly, now that Plaintiff's case has been consolidated, Defendants will be allowed to file their brief to address all relevant issues before the court. This will prevent piecemeal resolution of the case without any further delay, per Plaintiff's request.

The court will grant the motion not because Defendants seek to rehash the same arguments in long form, but because Defendants need to address additional arguments

Civil Action No. 23-2317								Page 4

as a result of consolidation.[1] This is not a case where Defendants' brief "could have easily fallen within the normal page limit had it been given a necessary edit." <u>Doe v. Montgomery Cnty. Bd. of Educ.</u>, No. 8:17-CV-03325-PX, 2020 WL 1675956, at *2 (D. Md. Apr. 6, 2020).

## PLAINTIFF'S CORRESPONDENCE

The court will now address some of Plaintiff's letters. <u>See</u> ECF Nos. 42, 43, 44, 45, 47.

In Plaintiff's correspondence from September 4, 2024, he asks why this case was transferred to "an International Trade Judge."[2] ECF No. 43. Judges of the Court of International Trade may be assigned temporarily "to perform judicial duties" in district court by the Chief Justice of the United States "upon presentation of a certificate of necessity" by the chief judge of the district "in which the need arises." 28 U.S.C. § 293. Judges often sit by designation in various courts across the country to alleviate the very delay Plaintiff discusses in his letters. <u>See</u> ECF Nos. 42, 43, 44, 45, 47.

Plaintiff also asks whether the government requested this transfer. ECF No. 43. The government did not request this transfer. Finally, Plaintiff requests that the court "not delay the case" if it cannot be addressed in a "timely fashion." ECF No. 45. Time

---

[1] Defendants do not explain why they waited more than one month to file this motion when Judge Boardman issued an Order directing the parties to file "one motion" by October 11. ECF No. 40. The court intends to resolve this case without delay.

[2] Plaintiff also asks whether "this is the normal court for resolving dispute between federal employees and federal government." ECF No. 43. Plaintiff's case is not within the Court of International Trade, but the District of Maryland.

Civil Action No. 23-2317                                                                                          Page 5

will be saved by giving the parties an opportunity to discuss the merits of all cases before the court, including the MSPB appeal.

## CONCLUSION

For reasons discussed herein, Defendants' motion is **GRANTED**. Defendants shall file their memorandum totaling forty-five (45) pages no later than October 11, 2024. Plaintiff is also granted leave to file a brief exceeding thirty (30) pages.

/s/ Lisa W. Wang
Judge

Dated: October 9, 2024
Greenbelt, MD